AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☑ Original    ☐ 

CLERK'S OFFICE
A TRUE COPY
Jan 25, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 24 MJ 48
the location of the target cellular devices assigned )
International Mobile Subscriber Identity (IMSI) number IMSI )
310240265327154. The service provider for the Target )
Cellular Devices is T-Mobile. )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the     Eastern     District of     Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     02/08/2024     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Honorable William E. Duffin    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    01/25/2024 at 1:45 p.m.                                    *Judge's signature*

City and state:    Milwaukee, WI                           Honorable William E. Duffin, U.S. Magistrate Judge
                                                            *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
|      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number IMSI 310240265327154, whose wireless provider is T-Mobile.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: unknown subject is the person to whom the pen register or trap and trace device are to be attached/applied and who is the subject of the criminal investigation; IMSI 310240265327154 is the phone number to which the device is to be attached; and Title 18 U.S.C. § 1951(a), Hobbs Act Robbery, and Title 18 U.S.C. § 924(c), Brandishing of a Firearm during a Crime of Violence are the offenses, to which information relates; and

The attorney for the government has certified to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Federal Bureau of Investigation.

## ATTACHMENT B

### Particular Things to Be Seized
### with a Cell Site Simulator or Wi-Fi Geolocation Device

This Warrant authorizes the officers to whom it is directed to determine the location of the target cellular device by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to signals sent to it by the officers;

for a period of thirty (30) days, during all times of day and night. This includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the Federal Bureau of Investigation. Because the use of the device, a Cell Site Simulator or Wi-Fi geolocation device, may fall within the definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

This warrant does not authorize the interception of any content (telephone, text message, or internet based). The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices.

1

In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be any of the Target Cellular Devices, and law enforcement will limit collection of information from devices other than the Target Cellular Devices. To the extent that any information from a cellular device other than the Target Cellular Devices is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Devices from all other cellular devices.

Under this warrant, the cell site simulator / geolocation device shall be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the Target Cellular Devices; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the Target Cellular Devices; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the Target Cellular Devices.

The Court finds reasonable necessity for use of the techniques and collection of information described. *See* 18 U.S.C. § 3103a(b)(2).

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2)

**Particular Things to Be Seized from Device Service Provider**

1. Information about the target cell phone and its location, later referred to collectively as location information, includes all precision location information, E-911 Phase II data, GPS data, latitude-longitude data, per call measurement or timing advance data (RTT, Timing Advance, LOCDBOR, or equivalent), and real time cell site information for 30 days beginning from the date the warrant was issued. This includes initiating a signal to determine the location of the target cell phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government. The information includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the furnishing of information, facilities, technical assistance, and the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. §§ 3123-3124 by the service provider and the Federal Bureau of Investigation. Because the request for such location data may include use of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

2. All subscriber and extended subscriber information, handset identifiers, handset make and model, WI-FI MAC address, and account notes and memos pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §2703(c).

3. Call detail records and data reports with cell site location information for voice, SMS, MMS, and data connections, originating and destination IP addresses, and per call

measurement or timing advance data (RTT, Timing Advance, LOCDBOR, or equivalent) from **December 1, 2023, to present** pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §2703(c).

4. To the extent that the information described is within the possession, custody, or control of the service provider, the service provider is required to disclose all location information to the government and provide all technical assistance necessary to accomplish the collection of the location information unobtrusively and with as little interference as possible.

5. This pen register / trap and trace device shall be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the Target Cellular Device; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the Target Cellular Device; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the Target Cellular Device.

6. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant, order, or investigation to any third party unless ordered to do so by the Court. Additionally, the agency requests that all court orders and supporting documents, including the affidavit and search warrant, be sealed until further order by the Court.

7. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).